No. 35,112

THE STATE OF KANSAS, *Appellee*, v. CLYDE HARRISON, *Appellant*.

(114 P. 2d 310)

Opinion filed June 7, 1941.

*Arthur H. Snyder,* of Hutchinson, and *A. E. Kramer,* of Hugoton, for the appellant.

*Jay S. Parker,* attorney general, *J. S. Brollier* and *Ray McCombs,* county attorneys, for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this action the defendant was convicted of grand larceny. He appeals.

The defendant was charged along with two other men with the theft of a spool of new wire line and one spool of used wire line. The theory of the state was that defendant Harrison counseled, aided and abetted the other defendants in the theft. The other two defendants pleaded guilty and were paroled. Defendant Harrison stood trial.

There was evidence to the effct that the other defendants talked to defendant Harrison about going from Wichita to Stevens county and stealing a particular spool of wire which was known to be at a particular place in Stevens county. Both of the other defendants testified for the state. The evidence was that defendant Harrison was to furnish the truck and the other two men were to drive it to

Stevens county, steal the line and bring it back to a place of business maintained by the defendant, where he sold oil-field equipment. Both defendants testified to substantially that state of facts. The evidence disclosed that when the two defendants, who actually took the wire, arrived at Stevens county, they looked over the situation surrounding the location of the spool of wire they had talked about stealing and decided it would be too risky to take that particular spool of wire. The evidence disclosed that they then went to another part of the county and discovered another and different spool of wire in a field; that the next day they came back and stole it and brought it back to Wichita, did not deliver it to defendant, but did deliver to him an old spool of wire, which they had taken at the same time. The defendant asked that the jury be discharged at the conclusion of the state's evidence. This motion was overruled. The defendant did not introduce any evidence and the case was submitted to the jury and the defendant was found guilty.

He argues first that his motion to discharge the jury should have been sustained. His theory is that the evidence for the state proved that the new spool of wire, for the theft of which he agreed to furnish the truck, was not the spool of wire which actually was stolen, but another spool of line wire which was stolen, and that he did not know of the existence of the spool of line wire which was the subject of the larceny. He argues that on account of this he could not be convicted of counseling, aiding and abetting in the theft of that particular spool of wire.

It is not necessary for us to decide the interesting question that is thus raised by the defendant. There was sufficient evidence to warrant the court in submitting to the jury the question of whether defendant Harrison agreed with the other two defendants that they might take his truck and start out on a general expedition of stealing oil-field equipment, including lines, wherever it might be found. Both the codefendants testified to the effect that while there was some talk about the particular spool of wire there was also talk with Harrison to the effect that any wire that might be found in the vicinity of Stevens county should be stolen and brought back to Wichita to defendant.

The court instructed the jury upon both the theories, that is, that if the defendants were to steal a particular spool of wire and no other the evidence must show that that particular line and no other was stolen by the two codefendants before Harrison could be con-

victed, but if the codefendants were to steal oil-field equipment, including lines, wherever it might be found and defendant Harrison was a party to such a plan and some line was stolen, then he would be guilty to the same extent as those who actually took the property.

There was a great deal of testimony as to the details, and since the main witnesses were codefendants it was somewhat difficult to get the entire facts out of them. However, one witness testified as follows:

"Q. Now, the deal about his truck was made between Clyde and John, wasn't it? A. No, sir; I was present then.

"Q. As I understand it, you were going from Wichita to Hugoton to get a load of cable, regardless of what kind it was? A. Yes, sir.

"Q. And Hugoton was the word used in the conversation about the cable? A. Hugoton—like I told the county attorney, we went several places; Hugoton was one place, one point of destination; yes.

"Q. Let me ask you if you weren't coming to the Kuhn yard at Hugoton to get cable? A. I wouldn't say definitely, but I don't believe the Kuhn yard was used, at the time.

"Q. And at the time you left Wichita, you didn't have any idea there might be any cable down here where finally you saw it that night? A. Yes; I believe there were."

This evidence, if believed by the jury, would have been sufficient to warrant the jury in concluding that the expedition for which Harrison furnished his truck was a general line-stealing expedition. Under such circumstances defendant would be guilty if he counseled, aided and abetted such a plan. There was also evidence as to the other expeditions of this sort, for which defendant Harrison furnished his truck. We hold it was not error for the court to deny the motion to discharge the defendant.

Another point argued by defendant is that the court erred in refusing a requested instruction. This instruction was to the effect that where the state relied upon circumstantial evidence for conviction, the circumstantial evidence relied upon to establish the guilt of defendant must be of such a character as to exclude every reasonable supposition or hypothesis other than the defendant's guilt.

The court refused to give this instruction. This was not error because the state did not rely entirely upon circumstantial evidence. Circumstantial evidence was merely incidental to the direct evidence of the codefendant. (See *State v. Gereke,* 74 Kan. 196, 86 Pac. 160.)

The judgment of the trial court is affirmed.